[No. 10913.   Department One.   April 15, 1913.]

## EBEY SHINGLE COMPANY, *Respondent*, v. SNOHOMISH RIVER BOOM COMPANY, *Appellant*.[1]

NAVIGABLE WATERS—OBSTRUCTIONS—DAMAGES — EVIDENCE—QUESTION FOR JURY. In an action for damages from obstructing navigation and preventing the towing of shingle bolts to plaintiff's mill by the usual direct route, the reasonableness of plaintiff's efforts to supply its mill with bolts by other means, and the extent of the extra risks, is for the jury, where there was evidence that it was impossible to get a sufficient supply other than by towing, and that the indirect towing route was attended with considerable extra risks.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 10, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Hathaway & Alston*, for appellant.

*Stiger & Dally*, for respondent.

PARKER, J.—The plaintiffs commenced this action in the superior court of Snohomish county, to recover damages which they claim resulted to them from the obstruction by the defendants of navigation in Ebey slough, in Snohomish county, preventing the plaintiffs from bringing shingle bolts to their shingle mill situated thereon. A trial before the court and a jury resulted in judgment in favor of the plaintiffs, from which the defendant has appealed.

[1]Reported in 131 Pac. 466.

Ebey slough forms one of the navigable mouths of the Snohomish river, flowing into the sound in Snohomish county. Some five miles below where the slough leaves the main channel of the river, appellant maintains a trap across the slough for the purpose of catching and holding logs. This trap is capable of being opened so as to permit the passage of logs and boats. About halfway between where the slough leaves the main channel of the river and this trap, respondents maintain a shingle mill, which they supply with bolts for the most part by towing from the sound directly up the slough to their mill. During the period from December 1, 1909, to January 31, 1911, appellant on different occasions kept its trap closed for periods of ten days or more, causing logs and debris to accumulate in the slough above the trap so as to completely obstruct navigation therein, rendering it impossible for respondents to bring shingle bolts from the sound up the slough to their mill. This, they claim, resulted in their damage, measured by the loss of profits which they would have earned in the operation of their mill during the period they were thus deprived of a sufficient supply of shingle bolts.

The questions involved in the contentions of counsel for appellant are, as we view them, wholly questions of fact. It is first contended that respondents did not make proper efforts to procure a sufficient supply of shingle bolts to continuously operate their mill during these periods. There was evidence tending to show, and warranting the jury in believing, that the mill was operated during portions of these periods by consumption of shingle bolts acquired by respondents from the neighborhood within hauling distance by wagon; but that the roads during these periods were very bad, and it was impossible to get a sufficient supply in this manner. It is also contended by counsel for appellant that, even assuming that respondents did make proper effort to get bolts in this manner, they did not make proper effort to bring bolts from the sound up the main channel of the river and down the slough, the river and slough in these portions being navigable; and

also that their damage, in no event, would be more than the excess cost of getting bolts to their mill in this manner over that of getting them there directly up the slough from the sound, it appearing in the evidence that the verdict awarded was more than this excess cost would have amounted to. We think, however, the jury were warranted in believing from the evidence that this manner of bringing bolts from the sound to respondents' mill was attended with some considerable risk in the possible loss of bolts by reason of currents and snags in the river. We conclude that, in view of the evidence tending to show these facts, the question of the reasonableness of the efforts made by respondents to supply their mill with bolts from sources other than their usual source of supply on the sound, and also the question of the extent of the efforts and risks respondents should have incurred in bringing bolts from the sound to their mill during these periods by way of the main channel of the river and down the slough, were questions for the jury.

The judgment is affirmed.

CROW, C. J., GOSE, MOUNT, and CHADWICK, JJ., concur.